

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CASEY GLYNN DOBBS, | § | |
| TDCJ-CID No. 02197944, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-037-Z-BR |
| | § | |
| SHAWN BALLEW *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983

against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed March 1, 2019.

Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"),

Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*.

For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint.

### FACTUAL BACKGROUND

Plaintiff alleges on April 15, 2018, Defendants denied him medical care while he was

imprisoned as a pretrial detainee in county jail. ECF No. 3 at 4. Plaintiff alleges Defendant Ballew

— a deputy officer — was questioning Plaintiff about a criminal matter when Plaintiff began

experiencing chest pains. *Id*. Because of his history of cancer and heart problems, Plaintiff asked

to go to the hospital. *Id.* But Defendants did not take Plaintiff to the hospital.

Plaintiff alleges his wife had provided the county jail with medical records to explain his

medical history, including heart problems and seizures. *Id*. at 6. Plaintiff claims on the day he

requested medical care, he had a "a minor heart attack" after the Defendants refused to transport him to the hospital. *Id.*

Plaintiff's Complaint included attachments. ECF No. 7. In those attachments, Plaintiff claims Defendant Ballew informed Plaintiff he would get him a doctor if he "would just answer the question" after Plaintiff had asked for a lawyer during the exchange. *Id.* at 2. Plaintiff claims Defendants — particularly Defendant Ballew — had a personal grudge against Plaintiff and had attempted to charge him with numerous crimes in the past. *Id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

ANALYSIS

Pretrial detainees have a constitutional right — under the Due Process Clause of the Fourteenth Amendment — not to have their serious medical needs met with deliberate indifference on the part of the confining officials. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hare v. City of Corinth*, 74 F.3d 633, 636 (5th Cir. 1996) (en banc) (*Hare II*); *Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir. 1993); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). Deliberate indifference in the context of an episodic failure to provide reasonable medical care to a pretrial detainee means: (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates the official subjectively intended that harm occur. *Hare II*, 74 F.3d at 643, 649–50. Deliberate indifference, however, cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Id.* at 645, 649.

Plaintiff indicates Defendants — while certainly acting with negligence or even gross negligence to Plaintiff's care — do not constitute deliberate indifference. Plaintiff describes a single instance when Defendant Ballew ignored Plaintiff's request to take him to the hospital. Plaintiff does not assert his wife personally notified Defendant Ballew of Plaintiff's medical history or Defendant Ballew had personal knowledge of Plaintiff's condition. Plaintiff also does not allege he informed Defendant Ballew of his condition. The facts alleged do not support that Plaintiff had an obvious serious medical need that was Defendant Ballew ignored. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

Additionally, Defendant Warden is not subject to liability in his supervisory capacity. Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A sheriff, such as Defendant Warden, not personally involved in the acts that deprived the plaintiff of his constitutional rights is liable under Section 1983 if: (1) the sheriff failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452–54 & nn.7–8 (5th Cir. 1994) (en banc); *Hinshaw v. Doffer*, 785 F.2d 1260, 1263 (5th Cir. 1986). Here, Plaintiff does not allege Defendant Warden's personal involvement in the denial of medical care to the Plaintiff, nor any of the above factors. The Court therefore **DISMISSES** the claims against Defendant Warden.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED**.

February 28, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4